# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

———————————————————————————————

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                   Case No. 04-CR-184

TARRANCE D. JENKINS,

        Defendant.

———————————————————————————————

## ORDER

Before the court are two motions for the return of property filed by defendant Tarrance Jenkins ("Jenkins"). The property Jenkins is seeking the return of is approximately $1,322.00 in cash. Motions such as those filed by Jenkins are properly brought pursuant to Fed. R. Crim. P. 41(g). "Rule 41(g) permits only the recovery of property in the possession of the Government[;] [t]herefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *U.S. v. Stevens*, 500 F.3d 625, 628 (2007) (citations omitted). In response to Jenkins's motions for return of property, the government filed a response stating that the $1,322.00 in cash was originally held by the Milwaukee Police Department in the custody of the department's Property Bureau, and thereafter transferred to the Milwaukee County Treasurer, who continues to retain possession of the funds. Thus, the government alleges the that United States never was, and is not now, in possession of the property.

The question of whether the government still possesses, or ever possessed the property at issue is a question of fact. *Id.* This does not mean that this court must hold an evidentiary hearing; however, the court is required "to receive evidence to resolve factual disputes." *Id.* "[T]he evidence can take the form of 'sworn affidavits or documents verifying the chain of custody'" of the property. *Stevens v. U.S.*, 530, F.3d 502, 504 (7th Cir. 2008) (quoting *U.S. v. Stevens*, 500 F.3d 625, 628 (2007)). In the instant case, the government submitted only a brief, no affidavits or other documents. "[A]rguments in a [g]overnment brief, unsupported by documentary evidence, are *not* evidence." *U.S. v. Stevens*, 500 F.3d 625, 628 (2007). Thus, the court cannot make a factual finding that the property was never in the government's possession.

The fact that the court may not make a factual finding as to whether the property is now, or was ever, in the government's possession does not, however, prevent the court from ruling on Jenkins's motion. In general, a movant bears the burden of proof as to a motion brought before the court. In the instant case, nowhere does Jenkins allege in his motion that the United States ever had, or now has, possession of his $1,322.00. Additionally, the government offered argument (though not evidence) stating that the government never had, and does not now have, possession of Jenkins's cash. Jenkins did not file a reply brief, and thus offers no refutation to the government's position. Thus, while the court cannot make a factual finding as to whether the government ever had Jenkins's cash, the court can

2

make a legal finding that Jenkins has neither alleged adequate facts, nor offered sufficient refutation of the government's arguments, so as to meet his burden of proof as to his motion, or even so as to warrant an evidentiary hearing on the matter.

Accordingly,

**IT IS ORDERED** that Jenkins's Motions for Return of Property (Docket ##'s 29 and 38) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

3